# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSTANTCE BELL | ) |
| Plaintiff, | ) C.A. No. 2:21-cv-05052 |
| vs. | ) |
| GEORGE D. PEREZ and THE UNITED STATES POST OFFICE | ) |
| Defendant. | ) |

To the above named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within (20) days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer; judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Farmingdale, NY
September 9, 2021

Yours, etc.

**David M. Yaron**
**ROSNER RUSSO SHAHABIAN PLLC**
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
398 Conklin Street
Farmingdale, NY 11735
516-376-0000
File #: 2100013

Defendant(s) address:
**GEORGE D. PEREZ**
**29 KUNATH AVENUE**
**STATEN ISLAND, NY 10309**

**UNITED STATES POST OFFICE**
**CHIEF COUNSEL: TORTS**
**GENERAL LAW SERVICE CENTER**
**USPS NATIONAL TORT CENTER**
**1720 MARKET STREET ROOM 2400**
**ST. LOUIS MO 63155-9948**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONSTANCE BELL | ) |
| | ) |
| Plaintiff, | ) C.A. No. 2:21-cv-05052 |
| | ) |
| vs. | ) |
| | ) |
| GEORGE D. PEREZ and THE UNITED STATES POST OFFICE | ) |
| | ) |
| Defendant. | ) |

Plaintiff(s), by their attorneys, **ROSNER RUSSO SHAHABIAN PLLC**, as and for a cause of action alleges upon information and belief as follows:

1. At all times hereinafter mentioned, plaintiff Constance A. Bell was and still is a resident of the County of Richmond and State of New York.

2. At all times hereinafter mentioned, defendant, George D. Perez, was and is a resident of the County of Richmond and State of New York.

3. At all times hereinafter mentioned, defendant, United States Post Office, was and is a resident of the County of Richmond and State of New York.

4. At all times hereinafter mentioned, defendant, United States Post Office is a Domestic Corporation licensed to do business in the State of New York.

5. At all times hereinafter mentioned, defendant, United States Post Office is a Foreign Corporation licensed to do business in the State of New York.

6. At all times hereinafter mentioned, plaintiff, **CONSTANCE A. BELL** was the operator of a motor vehicle.

7. At all times hereinafter mentioned, plaintiff, **CONSTANCE A. BELL** was the operator of a motor vehicle bearing New York State license plate number **JMY3633.**

8. At all times hereinafter mentioned, 142 Longview Road Staten Island, NY 10304 in the County of Richmond , State of New York, was a public roadway and/or thoroughfare.

## AS AND FOR PLAINTIFF(S) CAUSE OF ACTION AGAINST DEFENDANT UNITED STATES POST OFFICE

9. That Plaintiff repeats and reiterates each and every allegation previously alleged as if set forth more fully at length herein.

10. At all times herein mentioned, defendant, **United States Post Office**, was the owner of a motor vehicle bearing New York State license plate number B203216.

11. At all times hereinafter mentioned, defendant, **United States Post Office**, was the lessee of a motor vehicle bearing New York license plate number B203216.

12. At all times hereinafter mentioned, defendant, **United States Post Office**, operated the aforesaid motor vehicle.

13. At all times hereinafter mentioned, defendant, **United States Post Office** , operated the aforesaid motor vehicle bearing New York State license plate number 8203216.

14. At all times hereinafter mentioned, defendant, **UNITED STATES POST OFFICE**, managed the aforesaid motor vehicle bearing New York State license plate number 8203216.

15. At all times hereinafter mentioned, defendant, **UNITED STATES POST OFFICE**, maintained the aforesaid motor vehicle.

16. At all times hereinafter mentioned, defendant, **UNITED STATES POST OFFICE**, controlled the aforesaid motor vehicle.

17. At all times hereinafter mentioned, defendant, **UNITED STATES POST OFFICE**, repaired the aforesaid motor vehicle.

18. At all times hereinafter mentioned, defendant, **UNITED STATES POST OFFICE**, inspected the aforesaid motor vehicle.

19. At all times hereinafter mentioned, defendant, **UNITED STATES POST OFFICE**, supervised the aforesaid motor vehicle.

20. That on the 01/11/2021, the motor vehicle owned by defendant, **UNITED STATES POST OFFICE** and the motor vehicle occupied by plaintiff(s) were in contact.

21. That on the 01/11/2021, the motor vehicle owned by defendant, **UNITED STATES POST OFFICE** and the motor vehicle occupied by plaintiff(s), were in contact on/near 142 Longview Road Staten Island, NY 10304.

22. That on the 01/11/2021, the motor vehicle with license plate number 8203216 and the motor vehicle with license plate number JMY3633 were in contact.

23. That as a result of the aforesaid contact, plaintiff(s) was/were injured.

24. That the aforesaid occurrence was cause wholly and solely by reason of the negligence of the defendant **United States Post Office** without any fault or negligence on the part of the plaintiff contributing thereto.

25. That the defendant **United States Post Office** was careless, reckless and negligent, jointly and severally, in the ownership, operation, maintenance, management and control of the said vehicle in: operating said vehicle at dangerous and careless rate speed and failed to bring the same to a stop in order to avoid the happening of the accident; in failing and omitting to have and to keep said motor vehicle under a proper state of repair; in losing control of said motor vehicle; in negligently and carelessly, causing, allowing and permitting said motor vehicle to be operated over and along a public roadway at an excessive rate of speed and/or at a greater rate of speed than due care and caution would permit under the circumstances and conditions then and there

existing; in failing to observe the road; in negligently, recklessly and carelessly failing and omitting to provide and/or make prompt and timely use of braking and steering mechanisms; in failing to keep all braking devices and steering mechanisms in their proper state of repair; in failing to keep and maintain a proper lookout and to be reasonably alert; in suffering, causing and permitting the accident referred to herein to happen although due care and caution of the part of the defendant would have avoided the occurrence; in negligently failing to operate defendant's motor vehicle in a reasonably careful and prudent manner so as to avoid the accident; in negligently failing to bring the motor vehicle to a safe stop in a careful and prudent manner; in negligently failing to observe the roadway; in negligently failing to utilize all safety mirror's on defendant's motor vehicle in order to avoid the accident; in negligently failing to slow down and/or completely stop due to traffic conditions then and there existing; in failing to pay attention to the roadway and the vehicles thereat; in disregarding the rules of safety; in failing to obey the traffic control devices then and there existing; and in failing to take cognizance of other vehicles then and there existing; in failing to foresee the accident; in failing to give plaintiff an opportunity to avoid the happening of the accident; in failing to look; in failing to keep a proper lookout; in failing to see; in failing to see what was there to be seen; in failing to take the last clear chance; and in otherwise being careless, reckless and negligent.  In addition, defendant **United States Post Office** is vicariously liable for the negligent acts and/or omissions of defendant GEORGE D. PEREZ .

## AS AND FOR PLAINTIFF(S) CAUSE OF ACTION AGAINST DEFENDANT GEORGE D. PEREZ

26. That Plaintiff repeats and reiterates each and every allegation previously alleged as if set forth more fully at length herein.

27. At all times herein mentioned, defendant, **GEORGE D. PEREZ**, was the owner of a motor vehicle bearing New York State license plate number 8203216

28. At all times hereinafter mentioned, defendant, **GEORGE D. PEREZ**, was the lessee of a motor vehicle bearing New York license plate number 8203216.

29. At all times hereinafter mentioned, defendant, **GEORGE D. PEREZ**, operated the aforesaid motor vehicle.

30. At all times hereinafter mentioned, defendant, **GEORGE D. PEREZ,** operated the aforesaid motor vehicle bearing New York State license plate number 8203216.

31. At all times hereinafter mentioned, defendant, **GEORGE D. PEREZ**, operated the motor vehicle with the permission, express or implied, of defendant, United States Post Office.

32. At all times hereinafter mentioned, defendant, , operated the aforementioned motor vehicle with the knowledge of the defendant, **United States Post Office.**

33. At all times hereinafter mentioned, defendant, , managed the aforesaid motor vehicle bearing New York State license plate number 8203216.

34. At all times hereinafter mentioned, defendant, **GEORGE D. PEREZ**, maintained the aforesaid motor vehicle.

35. At all times hereinafter mentioned, defendant, **GEORGE D. PEREZ**, controlled the aforesaid motor vehicle.

36. At all times hereinafter mentioned, defendant, **GEORGE D. PEREZ**, repaired the aforesaid motor vehicle.

37. At all times hereinafter mentioned, defendant, **GEORGE D. PEREZ**, inspected the aforesaid motor vehicle.

38. At all times hereinafter mentioned, defendant, **GEORGE D. PEREZ**, supervised the aforesaid motor vehicle.

39. That on the 01/11/2021, the motor vehicle operated by defendant, **GEORGE D. PEREZ** and the motor vehicle occupied by plaintiff(s) were in contact.

40. That on the 01/11/2021, the motor vehicle operated by defendant, **GEORGE D. PEREZ** and the motor vehicle occupied by plaintiff(s), were in contact on 142 Longview Road Staten Island, NY 10304, in the County of Richmond , State of New York.

41. That on the 01/11/2021, the motor vehicle with license plate number 8203216 and the motor vehicle with license plate number JMY3633 were in contact.

42. That as a result of the aforesaid contact, plaintiff(s) was/were injured.

43. That the aforesaid occurrence was cause wholly and solely by reason of the negligence of the defendant without any fault or negligence on the part of the plaintiff contributing thereto.

44. That the defendant **GEORGE D. PEREZ** was careless, reckless and negligent, jointly and severally, in the ownership, operation, maintenance, management and control of the said vehicle in: operating said vehicle at dangerous and careless rate speed and failed to bring the same to a stop in order to avoid the happening of the accident; in failing and omitting to have and to keep said motor vehicle under a proper state of repair; in losing control of said motor vehicle; in negligently and carelessly, causing, allowing and permitting said motor vehicle to be operated over and along a public roadway at an excessive rate of speed and/or at a greater rate of speed than due care and caution would permit under the circumstances and conditions then and there existing; in failing to observe the road; in negligently, recklessly and carelessly failing and omitting to provide and/or make prompt and timely use of braking and steering mechanisms; in failing to keep all braking devices and steering mechanisms in their proper state of repair; in

failing to keep and maintain a proper lookout and to be reasonably alert; in suffering, causing and permitting the accident referred to herein to happen although due care and caution of the part of the defendant would have avoided the occurrence; in negligently failing to operate defendant's motor vehicle in a reasonably careful and prudent manner so as to avoid the accident; in negligently failing to bring the motor vehicle to a safe stop in a careful and prudent manner; in negligently failing to observe the roadway; in negligently failing to utilize all safety mirror's on defendant's motor vehicle in order to avoid the accident; in negligently failing to slow down and/or completely stop due to traffic conditions then and there existing; in failing to pay attention to the roadway and the vehicles threat; in disregarding the rules of safety; in failing to obey the traffic control devices then and there existing; and in failing to take cognizance of other vehicles then and there existing; in failing to foresee the accident; in failing to give plaintiff an opportunity to avoid the happening of the accident; in failing to look; in failing to keep a proper lookout; in failing to see; in failing to see what was there to be seen; in failing to take the last clear chance; and in otherwise being careless, reckless and negligent.

45. That by reason of the foregoing, plaintiff(s), sustained severe, serious and permanent personal injuries, became sick, sore, lame and disabled; suffered injuries to her/their nervous system; suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated from attending to her/their usual duties and vocation and may, in the future, be so incapacitated; will suffer a loss and/or limitation of quality and enjoyment of life; and plaintiff(s) was/were otherwise damaged.

46. That plaintiff(s), has sustained serious injuries as defined in Subdivision d of §5102 of the Insurance Law-Recodification of the State of New York.

47. That plaintiff(s) has sustained serious injury and economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law of the State of New York.

48. That plaintiff(s) is/are not seeking to recover any damages for which plaintiff(s) has/have been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse plaintiff(s). Plaintiff(s) is/are only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

WHEREFORE, plaintiff(s) demand judgment against the defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with costs and disbursements of this action.

Dated: Farmingdale, NY
September 9, 2021

Yours, etc.

David M. Yaron
**ROSNER RUSSO SHAHABIAN PLLC**
*Attorneys for Plaintiff(s)*
*Office & Post Office Address:*
398 Conklin Street
Farmingdale, NY 11735
516-376-0000
File #: 2100013

# VERIFICATION

I, **DAVID M. YARON**, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that:

I am the attorney of record, for plaintiff(s)**, Constance Adell Bell** have read the annexed plaintiff's SUMMONS AND VERIFIED COMPLAINT, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Books, papers, records in possession.

I affirm that the following statements are true under penalties of perjury.

_____
**DAVID M. YARON**

Dated: Farmingdale, NY
September 9, 2021